IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

v.

**ARTEMIO RAMIREZ-ARROYO**
also known as Temo,

       Defendant.

No. 3:08-cr-00228-MO-4

OPINION AND ORDER

**MOSMAN, J.,**

This case comes before me on Defendant's Motion to Reduce Sentence [530]. For the following reasons, Defendant's motion is DENIED.

### BACKGROUND

On July 5, 2011, Defendant Artemio Ramirez-Arroyo entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute 500 grams more of methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(A), 841 (b)(1)(C), and 846. The United States recommended a sentence below the United States Sentencing Guidelines (U.S.S.G.) range based on Ramirez-Arroyo's limited educational background and the desire to maintain sentencing consistency with his codefendants. The plea

1 – OPINION AND ORDER

agreement did not restrict Ramirez-Arroyo's right to seek a variance under 18 U.S.C. § 3553(a) factors. I accepted the recommended variance under 3553(a) factors and sentenced Mr. Ramirez-Arroyo to 240 months, a downward variance from the guideline range of 360 months to life.

After Mr. Ramirez-Arroyo was sentenced, the guideline applied to him—U.S.S.G. § 2D1.1—was retroactively amended to reduce the Drug Quantity Table by two levels. Following U.S.S.G. Amendment 782, the guideline range that was applied to Mr. Ramirez-Arroyo was amended 292 to 365 months. Mr. Ramirez-Arroyo has since filed a motion seeking a two-level reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 and a recent Supreme Court holding in *Hughes v. United States*, 138 S. Ct. 1765 (2018).

The parties agree about the guideline range used to sentence Mr. Ramirez-Arroyo and what his reduced range would be under Amendment 782. Mr. Ramirez-Arroyo believes *Hughes* allow his sentence to be reduced, but the United States argues that current Ninth Circuit precedent bars reduction. *See United States v. Padilla-Diaz*, 862 F. 3d 856, 858 (9th Cir. 2017). The question before me is whether *Hughes* overruled *Padilla-Diaz*, or whether the holdings are reconcilable and *Padilla-Diaz* remains binding precedent.

## LEGAL STANDARD

Courts of Appeal are bound by "higher intervening authority" and should reject prior precedent as effectively overruled if the intervening holding is "clearly irreconcilable" with the previous holding. *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017). If a court can apply "'prior circuit precedent without running afoul of the intervening authority' it must do so. "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening authority to cast doubt on the prior circuit

precedent.'" *Id.* (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012)). The same principles outlines above apply a fortiori to district courts.

## DISCUSSION

U.S.S.G. § 1B1.10(b), a 2011 Sentencing Commission Policy Statement, states that courts "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been effect at the time the defendant was sentenced," but that a court "shall not reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(1); (2)(A).

The Ninth Circuit upheld the validity and application of § 1B1.10(b) in *United States v. Padilla-Diaz*, 862 F.3d 856, 858 (9th Cir. 2017). Three prisoners challenged the validity of § 1B1.10(b) preventing them from receiving retroactively reduced sentences based upon Amendment 782. *Padilla-Diaz*, 862 F. 3d at 859. Three district courts had denied the respective defendants' motions because their sentences were already at or below the low end of the amended guideline ranges. *Id.* The Ninth Circuit—affirming the district courts' decisions—held that § 1B1.10(b) did not violate equal protection or due process rights and did not conflict with statutes stating that the Sentencing Commission should avoid disparate sentences. *Id.* at 863.

Rule 11(c)(1)(C) allows the government to agree to a specific sentence or range in a defendant's plea, and if the court accepts the agreement the court is bound by the recommendation. Fed. R. Civ. P. 11(c)(1)(C). This is known as a Type–C agreement. *Hughes*, 138 S. Ct. at 1773. 18 U.S.C. § 3582(c)(2) allows a court to modify a defendant's sentence when that defendant was sentenced "based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing

3 – OPINION AND ORDER

Commission." Previously, the Supreme Court issued a plurality opinion on the question of whether sentences pursuant to plea agreements were "based on" the guidelines and therefore amendable under § 3582(c)(2). *See Freeman v. United States,* 564 U.S. 522 (2011).

In *Hughes*, the Supreme Court revisited *Freeman* and held that an inmate sentenced pursuant to a Type–C plea bargain was eligible for a sentence reduction if the sentencing guidelines changed subsequent to his sentencing. *Hughes,* 138 S. Ct. at 1778. The Government in *Hughes* argued that no guideline provisions are applied when a court accepts a Type–C plea because the court is immediately bound upon acceptance. Therefore, allowing amendment of Type–C pleas would be inconsistent with § 1B1.10(b). The Court disagreed and found that a sentence was "based on" a Guidelines range if the range was a basis for the court's exercise of discretion in imposing a sentence, and therefore that Mr. Hughes's sentence could be amended. *Id.* at 1775.

Mr. Ramirez-Arroyo argues that *Hughes* overturns *Padilla-Diaz*. The United States opposes any amendment to Mr. Ramirez-Arroyo's sentence, arguing that Mr. Ramirez-Arroyo is not eligible for a reduction because the original sentence of 240 months he received is already lower than the 292-month minimum for the amended Guideline range, and therefore barred by § 1B1.10(b). The United States also claims *Hughes* is not clearly irreconcilable with *Padilla-Diaz* and thus remains binding precedent.

I find that *Padilla-Diaz* is still good law. *Hughes* centered around whether a Type–C plea was based on a guidelines range due to its binding nature, and whether a Type–C plea is eligible for reduction under § 3582(c)(2). *Padilla-Diaz* examined the validity of § 1B1.10(b) based on its conflict with the implementing sentencing statute. *Hughes* did not disturb the requirement that a reduction based on § 3582(c)(2) must be consistent with the Sentencing Commission's policy

statements, including § 1B1.10(b). Mr. Ramirez-Arroyo has not demonstrated that *Hughes* is clearly irreconcilable with *Padilla-Diaz*, and without that I am required to apply *Padilla-Diaz*. 1B1.10(b) remains applicable to Mr. Ramirez-Arroyo, and because his original sentence falls below the minimum in the amended guidelines, § 1B1.10(b) prevents me from reducing it further.

## CONCLUSION

For the aforementioned reasons, I DENY Defendant's Motion to Reduce Sentence [530].

IT IS SO ORDERED.

DATED this 15 day of March, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge