IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ARTEMIO RAMIREZ-ARROYO,<br><br>Defendant. | Case No.: 3:08-cr-00228-AN-4<br><br>OPINION AND ORDER |

      Defendant Artemio Ramirez-Arroyo moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

      A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The "compassionate release" exception, however, permits a court to modify a term of imprisonment when the following conditions are met: (1) the defendant has fully exhausted all administrative remedies; (2) "extraordinary and compelling reasons warrant" a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (4) the reduction is warranted after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).

A.    **Administrative Exhaustion**

      Section 3582(c)(1)(A) requires a defendant to fully exhaust all available administrative remedies before they may seek relief before a court. The administrative exhaustion requirement is met when:

> "(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

1

[inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate."

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *Id.* at 1282. However, when the administrative exhaustion requirement is properly raised by the government, a court must enforce the requirement. *Id.*

**B.     Extraordinary and Compelling Reasons**

The Federal Sentencing Guidelines (the "Guidelines") provide criteria for determining whether extraordinary and compelling reasons exist justifying compassionate release. In determining whether compassionate release is warranted, this Court must consider the following criteria:

"Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—
    (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (B) The defendant is—
        (i) suffering from a serious physical or medical condition,
        (ii) suffering from a serious functional or cognitive impairment, or
        (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
    (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
    (D) The defendant presents the following circumstances--
        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

      outbreak of infectious disease or the ongoing public health
      emergency described in clause (i); and
      (iii) such risk cannot be adequately mitigated in a timely manner.

 (2) Age of the Defendant.—The defendant
   (A) is at least 65 years old;
   (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and
   (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (3) Family Circumstances of the Defendant.—
   (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
   (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
   (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
   (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

 (4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
   (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
   (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

 (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

 (6) Unusually Long Sentence.—If a defendant received an unusually long sentence

>and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

The Ninth Circuit previously held that "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" and as a result, "[t]he Sentencing Commission's statements in [former] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2021)). Therefore, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

U.S.S.G. § 1B1.13 was amended on November 1, 2023, and now reflects that a defendant may file a motion for compassionate release. The Ninth Circuit has not yet spoken on whether the new version of U.S.S.G. § 1B1.13 is an applicable policy statement, although it has continued to cite *Aruda* favorably. *See, e.g.*, *United States v. Gonzalez*, No. 23-634, 2024 WL 705711, at *2 (9th Cir. Feb. 21, 2024) (quoting *Aruda*, 993 F.3d at 802) ("While Section 1B1.13 is not binding, it 'may inform a district court's discretion' for compassionate release motions."); *United States v. Holmes*, No. 23-420, 2023 WL 8108461, at *1 (9th Cir. Nov. 22, 2023) (quoting *Aruda*, 993 F.3d at 802) ("[A]lthough § 1B1.13 is not binding, it 'may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant.'"); *cf. United States v. Naki*, No. CR 20-00054 HG-01, 2024 WL 4145638, at *3 (D. Haw. Sept. 11, 2024) (collecting cases) ("Since the amendments, *Aruda* is no longer good law to the extent that it held that the policy statements of the United States Sentencing Commission are not binding on motions for compassionate release."); *United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024) ("Thus, *Aruda* is no longer good law to the extent that it held that the policy statement is not binding on motions filed by

4

defendants. A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement."), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024). Regardless of whether U.S.S.G. § 1B1.13 is binding, U.S.S.G. § 1B1.13(b)(5) serves as a "catchall provision for other circumstances" than those listed in in § 1B1.13 that, "alone or when combined with circumstances from the specified categories, are 'similar in gravity.'" *United States v. Schirm*, No. 3:21-CR-00076-HZ, 2024 WL 2799607, at *2 (D. Or. May 22, 2024) (quoting U.S.S.G. § 1B1.13(b)(5)).

The Guidelines permit a court to consider changes in the law, including amendments to the Guidelines, in determining the extent of a sentence reduction, but a change in the law alone "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The Ninth Circuit has held that changes in post-sentencing decisional law, including non-retroactive changes, may be considered when assessing whether extraordinary and compelling circumstances exist. *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023); *see also Concepcion v. United States*, 597 U.S. 481, 484 (2022) ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Courts in the Ninth Circuit may also consider non-retroactive changes in sentencing law when assessing whether extraordinary and compelling circumstances exist. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Rehabilitation, by itself, is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d).

In addition to outlining extraordinary and compelling reasons to reduce a sentence, the Guidelines require a court to determine that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the sentence reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(a).

C.      **18 U.S.C. § 3553(a) Factors**

When deciding a motion for compassionate release, a court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945 (internal quotation marks and

5

citation omitted). The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

*Id.* at 945 n.4 (citing 18 U.S.C. § 3553(a)).

## BACKGROUND

On July 5, 2011, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). Plea Pet. and Order Entering Plea, ECF [349]. Defendant was found to have a criminal history category V and offense level thirty-eight, including a two-level increase for possession of a dangerous weapon and two-level decrease for acceptance of responsibility, resulting in a guideline sentencing range of 360 months to life. Def. Mot. to Reduce Sentence ("Mot."), ECF [581], at 2. Defendant was sentenced to a term of 240 months of imprisonment followed by five years of supervised release. J. & Commitment, ECF [370], at 2-3. Both defendant and the government advocated for a downward variance from the guideline range, with the government suggesting the 240-month term based on defendant's limited education and in order to avoid sentencing disparity with his co-defendants. Mot. 2-3. Defendant is currently projected to be released on June 5, 2027.

Defendant's brother, a co-defendant, was found guilty at trial of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. J. & Commitment, ECF [291], at 1. He received a leadership enhancement and was also sentenced to a term of 240 months of imprisonment followed by five years of supervised release. *Id.* at 2.

Defendant subsequently appealed the final judgment, arguing that the Court failed to inform him of the nature of the charged offense and the maximum and minimum penalties at the plea colloquy. The Ninth Circuit upheld the judgment. ECF [411]. On March 26, 2013, defendant moved to

vacate or correct his sentence, which the Court denied. Mins. of Proceedings of April 9, 2014, ECF [458]. On August 2, 2018, defendant filed a motion to reduce his sentence, which the Court denied. ECF [530]; Op. & Order of March 15, 2019, ECF [546]. Defendant appealed the denial, which the Ninth Circuit summarily affirmed. ECF [552]. Defendant then filed a petition for writ of certiorari to the Supreme Court, which was denied. ECF [555].

On November 13, 2023, defendant filed, *pro se*, a motion to reduce his sentence. ECF [556]. He subsequently withdrew the motion. ECF [579]. On April 24, 2024, defendant, now through counsel, filed the instant motion to reduce his sentence. Mot. 1. The government opposes the motion. Gov't Resp. ("Resp."), ECF [585], at 1.

## DISCUSSION

### A.   Administrative Exhaustion

Defendant states that he has administratively exhausted his claim because he requested, through counsel, compassionate release from the Warden of Victorville FCI on March 19, 2024, more than thirty days before the filing of this motion. Mot. 7-8. The government argues that he has not demonstrated administrative exhaustion because he has not provided evidence of his request to the warden. Resp. 5 n.1. In response, defendant provided a copy of the email sent by defendant's counsel to the Warden of Victorville FCI on March 19, 2024. Reply, ECF [589], Ex. A.

The email is sufficient to satisfy the Court that defendant administratively exhausted his claim. Even without a copy of the email, defendant's counsel's avowal that he submitted a request is sufficient, as a court "may credit a defendant's sworn declaration that he filed such requests with the Warden, especially where the Government does not bring forth any evidence to dispute or contradict the defendant's sworn [d]eclaration." *United States v. Sanders*, No. 2:13-cr-00312-KJM, 2021 WL 78869, at *2 (E.D. Cal. Jan. 6, 2021) (finding exhaustion satisfied even where the government argues "BOP has no record" that the defendant submitted his request).

B.       **Extraordinary and Compelling Reasons**

Defendant argues that he is entitled to compassionate release due to a combination of circumstances "that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [of U.S.S.G. § 1B1.13(b)], are similar in gravity to those described in paragraphs (1) through (4)," although no individual factor, on its own, is an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(5).

First, he argues that he received an unusually long sentence that would have been shorter due to two subsequent changes in the law, Amendments 782 and 821 to the Guidelines. Amendment 782 retroactively amended U.S.S.G. § 2D1.1 to reduce the Drug Quantity Table by two levels. *See* U.S. Sent'g Comm'n, Amendment 721, https://www.ussc.gov/guidelines/amendment/721 (last visited Feb. 24, 2025). Amendment 821 retroactively amended the calculation of status points based on criminal history points and provides for a two-level decrease in offense level for "Zero-Point Offenders." *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 24, 2025). Defendant argues that cumulatively, the two amendments would have reduced his guideline range by two offense levels and one criminal history category, resulting in a sentencing guideline of 262 months. Mot. 9. His case, he argues, falls under the "unusually long sentence" provision of U.S.S.G. § 1B1.13(b)(6): he has served over sixteen years; his sentence is unusually long "considering that the average sentence for methamphetamine traffickers in 2022 was 95 months rather than the 240 months Mr. Ramirez-Arroyo received"; there are two retroactive changes to the law; and the changes would produce a "gross disparity" between defendant's current sentence and what he would have received today. *Id.* at 8-9. Although defendant's 240-month sentence is still below the new 262-month guideline, defendant argues that his downward variance was "premised on mitigating circumstances distinct from the factors that motivated the guideline amendments" and that if his sentence hearing was held today, he would likely receive a "significantly lower sentence" given that the government originally sought a downward variance from the then-minimum of 360 months to 240 months. *Id.* at 10.

Second, defendant states that for the past two years he has been receiving ongoing treatment from an arm injury that occurred while in custody, including a surgical "open reduction internal fixation," but that his injury has not healed completely due to "problematic medical treatment," and he suffers ongoing pain. Mot. 11. In addition, defendant states that he has suffered "chronic gastric issues, including bleeding ulcers and obesity," and that at the time of filing, he had spent several months "in isolation without receiving his needed medications and without explanation for why he is not in general population." *Id.* The government states that defendant is receiving ongoing physical therapy and gastric chronic care in prison. Resp. 13-14.

Third, defendant argues that family circumstances warrant a sentence reduction because his parents are both in their eighties and "in declining health," and other family members are not available to care for them. Mot. 12. He intends to live in Michoacán and support them in their old age. *Id.*

Fourth, defendant asserts that his prison record, which includes no loss of good time credits over sixteen years of incarceration, employment throughout custody except during pandemic lockdowns, and successful participation in classes and programming, demonstrate his rehabilitation, weighing in favor of a sentence reduction. *Id.* The government notes that although defendant has not lost any good time credits, he has received sanctions for refusing to obey orders, fighting with another inmate, and possession of an mp3 player, amongst others. Resp. 16.

Fifth, defendant asks that the Court take into consideration the harsh conditions that defendant suffered during the pandemic. Throughout extensive lockdowns, defendant became ill and was "confined to a small cell almost all day, eating close to the toilet he and his cellmate used," with no programming or recreation available. Mot. 12-13. The government contends that this is not sufficient because all inmates suffered during the pandemic. Resp. 17.

Considering all circumstances in combination, the Court finds that they are not similar in gravity to the extraordinary and compelling reasons delineated in U.S.S.G. § 1B1.13(b). Although defendant's guideline range would change in light of the recent amendments, the sentence he received is still below that guideline range. The Court commends defendant's work toward rehabilitation and his intent

9

to care for his parents after release and understands that he has experienced unusually harsh conditions during his time at FCI Victorville. These circumstances combined, however, are not similar in gravity to those provided for in U.S.S.G. § 1B1.13(b)(1) through (4).

Because the Court finds that defendant has not demonstrated extraordinary and compelling reasons, it does not reach the remainder of the analysis.

## CONCLUSION

For the foregoing reasons, defendant Artemio Ramirez-Arroyo's Motion to Reduce Sentence, ECF [581], is DENIED.

IT IS SO ORDERED.

DATED this 24th day of February, 2025.

_____
Adrienne Nelson
United States District Judge